UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 4:14-cr-24-HSM-SKL |
| v. | ) | |
| | ) | |
| TIMOTHY DEAN MARTIN | ) | |

## REPORT AND RECOMMENDATION

Defendant Timothy Dean Martin filed a motion to suppress all evidence seized as a result of the execution of a search warrant at his home [Doc. 14], arguing that his Fourth Amendment rights were violated because the warrant underlying the search was not supported by probable cause and a good faith exception should not be applied. Plaintiff United States of America (the "government") opposes the motion, arguing that there was probable cause and, even if the Court finds to the contrary, a good faith exception should be applied to thwart suppression [Doc. 17]. The time for Defendant to file a reply has expired, and no reply was filed. Defendant's motion to suppress was referred for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) [Doc. 15], and the motion is now ripe. For the reasons stated herein, I **RECOMMEND** that Defendant's motion to suppress be **DENIED**.

I.  BACKGROUND

On March 14, 2014, Lincoln County Sheriff's Department Deputy Mike Pitts presented his Affidavit in Support of Search Warrant ("Affidavit") to a judge of the General Sessions Court for Lincoln County to obtain a search warrant for Defendant's residence [Doc. 14-1]. The Affidavit, which is less than two full pages, describes the evidence to be searched for, the premises to be searched, and Deputy Pitts's experience in law enforcement and knowledge of

illegal narcotics [Doc. 14-1 at Page ID # 31]. The Affidavit sets forth the following information regarding probable cause:

> **STATEMENT OF FACTS IN SUPPORT OF PROBABLE CAUSE**
>
> This affidavit is made by Mike Pitts, who has 13 years of law enforcement experience, now testifies herein which is based on the following information. On March 14, 2014 the narcotics unit was contacted by a current resident and live in girlfriend, who resides at 20 Lackey Road with Timothy Dean Martin and she advised that Timothy Dean Martin was in possession of several types of narcotics and she went on to state what the narcotics looked like and described the language that Timothy Dean Martin was using while talking on the phone to a unidentified subject, being 8 ball, half and quarter. With the training that I Deputy Mike Pitts have received from various drug schools and the Tennessee Methamphetamine Task Force the narcotics that were being described I recognized to be powder methamphetamine and also another form of methamphetamine being ["]Ice". I Deputy Mike Pitts was also familiar with the language that was being described as being a measurement of weighing narcotics.

[Doc. 14-1 at Page ID # 32].

The Affidavit was signed before the judge on March 14, 2014 [Doc. 14-1 at Page ID # 32]. According to the Search Warrant Return of Inventory, a gun, ammunition, and drugs were found when the search took place later that same day [Doc. 14-1 at Page ID # 33].

Defendant is charged in a one-count indictment with being a felon in possession of a firearm and ammunition on the day of the search [Doc. 1].

## II. ANALYSIS

The Fourth Amendment states, *inter alia*, that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend IV. A defendant bears the burden of proof to show that a search performed pursuant to a warrant is unconstitutional.

2

*United States v. Rodriguez-Suazo*, 346 F.3d 637, 643 (6th Cir. 2003).[1] Defendant's standing to challenge the search is not disputed by the government.

### A. Probable Cause

Relying heavily on *United States v. Neal*, 577 F. App'x 434, 450 (6th Cir. 2014), *cert. denied*, 135 S.Ct. 987 (2015) (mem), Defendant asserts the Affidavit fails to establish probable cause because it is based on hearsay evidence of an unreliable informant and contains no information regarding the informant's veracity. In response, the government argues the Affidavit establishes probable cause because the informant is shown to be reliable based on the level of detail contained in the Affidavit, the possible self-incrimination of the informant, and the identification of the informant as Defendant's current live-in girlfriend. No independent police corroboration of the informant's information is reflected in the Affidavit.

"[W]here an affidavit is the basis for a probable cause determination, that affidavit 'must provide the magistrate with a substantial basis for determining the existence of probable cause.'" *United States v. Helton*, 314 F.3d 812, 819 (6th Cir. 2003) (quoting *Illinois v. Gates*, 462 U.S. 213, 239 (1983)). "Probable cause . . . is not a high bar: It requires only the kind of fair probability on which reasonable and prudent people, not legal technicians, act." *United States v. Burney*, 778 F.3d 536, 540 (6th Cir. 2015) (alteration in original) (quoting *Kaley v. United States*, 134 S.Ct. 1090, 1103 (2014)) (internal quotation marks omitted). Affidavits for search warrants "'must be tested and interpreted by . . . courts in a commonsense and realistic fashion,' because '[t]hey are normally drafted by nonlawyers in the midst and haste of a criminal investigation.'" *United States v. Colquitt*, ___ F. App'x ___, No. 13-4051, 2015 WL 1036339, at

---

[1] Defendant does not make any argument seeking a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), and there is nothing in Defendant's motion suggesting that information in the Affidavit was false. As such, it is not necessary to conduct a *Franks* hearing or analysis.

*6 (6th Cir. Mar. 11, 2015) (alteration in original) (quoting *United States v. Ventresca*, 380 U.S. 102, 108 (1965)).  A "totality of the circumstances" must be considered "when analyzing the sufficiency of a supporting affidavit."  *Neal*, 577 F. App'x at 440 (quoting *United States v. Coffee*, 434 F.3d 887, 892 (6th Cir. 2006)) (internal quotation marks omitted).

In deciding whether a warrant application contains sufficient facts to support a reasonable belief in probable cause, a court considers the facts set forth in the supporting affidavit and any facts presented to the issuing judge during the search warrant proceedings.  *United States v. Frazier*, 423 F.3d 526, 535-36 (6th Cir. 2005).  As there is no suggestion that any facts outside of the Affidavit were presented to the issuing judge here, this Court must make a determination of probable cause by evaluating the information contained solely within the four corners of the Affidavit.  *See, e.g.*, *United States v. Allen*, 211 F.3d 970, 975 (6th Cir. 2000) (en banc) ("The affidavit is judged on the adequacy of what it does contain, not on what it lacks, or on what a critic might say should have been added."); *United States v. Dyer*, 580 F.3d 386, 390 (6th Cir. 2009) ("In reviewing the sufficiency of the evidence supporting probable cause, [the court is] limited to examining the information contained within the four corners of the affidavit" in light of "the totality of the circumstances.").

In making such an evaluation, "great deference" is accorded to the issuing judicial officer's determination of probable cause.  *See, e.g.*, *Burney*, 778 F.3d at 540 (quoting *United States v. Greene*, 250 F.3d 471, 478 (6th Cir. 2001)).  "[T]he task of a reviewing court is not to conduct a de novo determination of probable cause, but only to determine whether there is substantial evidence in the record supporting the magistrate's decision to issue the warrant." *Massachusetts v. Upton,* 466 U.S. 727, 728 (1984).

4

Information regarding illegal activity that comes to the attention of law enforcement through a confidential informant can serve as the basis for probable cause, so long as the reliability of the confidential informant is established as part of the totality of the circumstances. *United States v. Jones*, 159 F.3d 969, 974 (6th Cir. 1998). In determining the reliability of informant information, the issuing judicial officer—and this Court—"must consider the veracity, reliability, and the basis of knowledge for that information as part of the totality of the circumstances . . . ." *Helton,* 314 F.3d at 819 (citations omitted). "[A]n affidavit must state facts supporting an independent judicial determination that the informant is reliable," but the facts need not be stated in "any particular form." *United States v. McCraven,* 401 F.3d 693, 697 (6th Cir. 2005). However, the level of detail of an informant's statement that he or she witnessed criminal activity firsthand, should not be used as the principal indication of reliability because "[b]y relying primarily on the level of detail provided in statements to *assess* their reliability, courts are apt to mistake the best storytellers for the most truthful informants." *Neal*, 577 F. App'x at 443.

Independent corroboration of the informant's information is not required when the issuing magistrate is provided with assurances that the informant is reliable. *See*, *e.g., Allen,* 211 F.3d at 976; *Helton,* 314 F.3d at 820. As explained in *Neal*:

> While independent corroboration of a confidential informant's story is not a *sine qua non* to a finding of probable cause, in the absence of any indicia of the informant's reliability, courts insist that the affidavit contain substantial independent police corroboration. By contrast, an affidavit containing statements of a known person, named to the magistrate, to whose reliability an officer attests with some detail, and who states that he has seen a particular crime and particular evidence, in the recent past, may be sufficient for a finding of probable cause without independent police corroboration. In short, where an affidavit substantially relies on hearsay statements provided by a confidential informant, probable cause for a warrant to issue

5

> depends on whether the reliability of the informant or sufficient independent police corroboration of the informant's statements can be found within the four corners of the affidavit.
>
> Our precedent suggests that, in determining the reliability of statements provided by an informant under the totality of the circumstances, no single measure of reliability is required for a magistrate to find a confidential informant's statements reliable. Instead, we must balance all potential indicia of reliability present in the affidavit.
>
> . . . .
>
> However, where the affidavit does not aver facts showing the relationship between the affiant and the informant, or detail the affiant's knowledge regarding the informant providing prior reliable tips that relate to the same type of crimes as the current tip concerns, this Court has generally found that other indicia of reliability must be present to substantiate the informant's statements. *The necessity of the affiant providing further indicia of reliability of his or her informant has been found even in cases where the informant's identity was disclosed to the magistrate and the statements amounted to an admission of criminal conduct.*

577 F. App'x at 440-42 (emphasis added) (alterations, citations, internal quotation marks, and headings omitted).

The Sixth Circuit has held that statements from an identified individual of unknown reliability to law enforcement are generally sufficient to establish probable cause without further corroboration because the potential legal consequences of lying to the police tend to ensure reliability. *See, e.g., United States v. Miller*, 314 F.3d 265, 270 (6th Cir. 2002) (rejecting argument that a warrant was invalid because it failed to provide any basis as to the reliability or veracity of a named informant and holding that where the informant had been in the residence within the last twenty-four hours, had observed contraband, and was willing to be named in the affidavit as to those facts, "there could hardly be more substantial evidence of the existence of the material sought and its relevance to a crime . . . ."); *United States v. Pelham*, 801 F.2d 875,

6

878 (6th Cir. 1986) (holding "[w]hen a witness has seen evidence in a specific location in the immediate past, and is willing to be named in the affidavit," probable cause is generally established under the totality of the circumstances). Some post-*Pelham* cases have emphasized the importance of the informant's personal observation of direct, not merely circumstantial, evidence of criminal activity. *See, e.g., United States v. Robbins*, No. 3:05-CR-32, 2006 WL 2323315, at *17 (E.D. Tenn. Aug. 9, 2006) (finding that a warrant lacked probable cause because the informant had not personally observed contraband at the residence).

Defendant's motion to suppress argues that probable cause did not support the search warrant because the Affidavit on which it relied lacked details regarding the reliability of the informant and the veracity of the information provided by the informant. Indeed, the Affidavit in the present case casts the informant as a previously untested, unknown informant. In the absence of corroboration, the government argues the Affidavit contains information that can be used as indicia of reliability, that is, information that indicates the reliability of the informant or the information provided by the informant.

To establish indicia of reliability, the government argues "the degree of detail contained in a tip may be used to infer whether an informant had a reliable basis for making his statement." [Doc. 17 at Page ID # 39]. Relying on a variety of fact specific cases, the government argues, "[t]he willingness of an informant to disclose his or her identity is typically considered an indicia of reliability because the informant would be subject to prosecution for the provision of false information if such proved to be the case." [Doc. 17 at Page ID # 40]. In addition, the government argues that the informant "subjected herself to prosecution for possessing the drugs [in her home] as well as a charge of obstruction if the information was untrue," and "[t]herefore, the informant is inherently reliable without further information." [Doc. 17 at Page ID # 41-42].

7

The government's arguments lean heavily on the informant's relationship to the Defendant and her report of seeing narcotics in Defendant's possession and hearing Defendant use terms that describe measurements for weighing narcotics. While the degree of detail of an informant's report may properly be considered in a totality of the circumstances review, the level of detail of an informant's story may not be strong indicia of reliability, because "[i]f detail is all that is needed to support a search warrant, the Fourth Amendment will no longer be any constraint or check on the issuance of search warrants. Any 'detailed' information, uncorroborated by the police, from virtually any unknown, unreliable source, would support issuance of a search warrant." *Neal*, 577 F. App'x at 443 (quoting *United States v. Sonagere*, 30 F.3d 51, 55 (6th Cir. 1994)). In addition, the government's argument that the informant "subjected herself to prosecution for possessing the drugs" is not convincing. The Affidavit only provides that the informant "advised that [Defendant] was in possession of several types of narcotics" somewhere and was using drug measurement language on the phone. The Affidavit does not indicate where the possession occurred or that the informant herself was involved in any activity subject to criminal prosecution.

The cases cited by the government are not particularity instructive as each case depends on the totality of the circumstances of that particular case. For instance, in a case cited by the government, *United States v. Braden*, 248 F. App'x 700, 701 (6th Cir. 2007), the affidavit had much more detail than included in the Affidavit here because it described the informant's identity, described information regarding the affiant's in-person interaction with the informant, described that the informant showed the affiant drugs allegedly purchased from the defendant, and described how the affiant and the informant drove together to the suspect's street and located his home. In another case cited by the government, *United States v. Kinison*, 710 F.3d 678, 682,

8

686 (6th Cir. 2013), the court held that a "known informant's statement can support probable cause even though the affidavit fails to provide any additional basis for the known informant's credibility," but in that case the informant also supplied text messages wherein the defendant admitted he was viewing child pornography on the internet, and the informant averred that defendant was viewing child pornography on his home computer.

When viewing the Affidavit under the totality-of-the-circumstances standard and with the required deference, I **FIND** the Affidavit as a whole contains insufficient indicia of the reliability of the informant to provide probable cause to support the issuance of the search warrant at issue. In so finding, I recognize that this is a closer case than most with respect to the determination of probable cause. Because I conclude the good faith exception applies in this case, however, it is not necessary to dwell on the probable cause determination.

### B. Good Faith Exception

The government contends, alternatively, that even if the Affidavit lacked probable cause, the officers executing the search relied in good faith upon the warrant so the evidence should not be excluded [Doc. 17 at Page ID # 42]. Defendant did not reply to the government's extensive arguments, but did address the good faith exception in his opening memorandum arguing that "[a] reasonably well-trained officer would have known that the search was illegal despite the magistrate's authorization, and thus [Defendant's] case falls under one of the situations where the good faith exception does not apply and suppression is appropriate. [Doc. 14 at Page ID # 28]

While "[t]he general remedy for a Fourth Amendment violation is that evidence obtained due to the unconstitutional search or seizure is inadmissible[,]" *United States v. Dice*, 200 F.3d 978, 983 (6th Cir. 2000) *abrogated on other grounds by Hudson v. Michigan*, 547 U.S. 586

9

(2006), suppression of evidence "is not an automatic consequence of a Fourth Amendment violation." *Herring v. United States*, 555 U.S. 135, 137 (2009), *quoted in United States v. Buford*, 632 F.3d 264, 270 (6th Cir. 2011). As held in *Buford*, "[t]he Supreme Court's jurisprudence is clear: Whether the exclusionary sanction is appropriately imposed in a particular case . . . is an issue separate from the question whether the Fourth Amendment rights of the party seeking to invoke the rule were violated by police conduct." 632 F.3d at 275-76 (alteration in original) (citations and internal quotation marks omitted).

Exclusion of evidence is a "judicially created rule . . . 'designed to safeguard Fourth Amendment rights generally through its deterrent effect.'" *Herring*, 555 U.S. at 139-40 (quoting *United States v. Calandra*, 414 U.S. 338, 348 (1974)). The exclusionary rule applies only "where its remedial objectives are thought most efficaciously served," *Arizona v. Evans*, 514 U.S. 1, 11 (1995) (citing *United States v. Leon*, 468 U.S. 897, 908 (1984)), and "where it 'result[s] in appreciable deterrence.'" *Herring*, 555 U.S. at 141 (alteration in original) (quoting *Leon*, 468 U.S. at 909)). "[T]o the extent that application of the exclusionary rule could provide some incremental deterrent, that possible benefit must be weighed against [its] substantial social costs." *Herring*, 555 U.S. at 141 (alteration in original) (quoting *Illinois v. Krull*, 480 U.S. 340, 352-53 (1987)) (internal quotation marks omitted). In the end, the decision to suppress evidence "turns on the culpability of the police and the potential of exclusion to deter wrongful police conduct." *Herring*, 555 U.S. at 137.

In *Leon*, the Supreme Court held that the exclusionary rule is not intended to, or even able to, cure a violation of a defendant's constitutional rights. As a result, the Court in Leon recognized an exception to the exclusionary rule in circumstances where an officer acted in good faith when executing a warrant that he reasonably relied upon to be valid. The Court also

enumerated situations in which an officer's reliance on a search warrant could not be presumed reasonable such as when the affidavit is so lacking in indicia of probable cause that a belief in its existence is objectively unreasonable and when the warrant is so facially deficient that it cannot reasonably be presumed to be valid. *Leon*, 468 U.S. at 914-23.

Defendant argues that the *Leon* good faith exception does not apply here, because the officers who executed the search warrant would have known that the search was illegal despite the magistrate's authorization. Addressing such an argument, the Sixth Circuit has held:

> Because the 'sole purpose' of the exclusionary rule 'is to deter future Fourth Amendment violations," *Davis v. United States*, 564 U.S. ___, 131 S. Ct. 2419, 2426 (2011), a criminal defendant seeking to suppress the fruits of a search must do more than demonstrate that the police violated the Fourth Amendment. He must show that suppressing the evidence will yield "[r]eal deterrent value." *Id.* at 2427. That burden is especially relevant when officers follow the constitutionally preferred route, namely presenting evidence of illegal activity to a neutral magistrate who finds probable cause and issues a search warrant. *Ornelas v. United States*, 517 U.S. 690, 699 (1996). To suppress the fruits of such a search, a defendant must show that, despite the magistrate's authorization, the police could not have relied on the warrant in good faith. *See United States v. Leon*, 468 U.S. 897, 922 (1984). One way to do this is to demonstrate that the information presented in support of the warrant was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Id.* at 923.

*United States v. Justice*, 461 F. App'x 415, 417 (6th Cir. Feb. 3, 2012) (reversing the district court because officers who executed the search warrant could have relied in good faith on magistrate's finding of probable cause).

At issue is whether Defendant demonstrated the Affidavit was so lacking in indicia of probable cause that official belief in its existence was entirely unreasonable. I **FIND** Defendant did not so demonstrate. The officers in the present case relied on the a search warrant issued by

11

a neutral judge, which particularized the place to be searched and included the current live-in girlfriend's statements, both about seeing narcotics opined to be methamphetamine "Ice" and about overhearing Defendant's phone conversation in which he used language associated with drug trafficking. The Affidavit is not "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Leon*, 468 U.S. at 923 (citations and internal quotation marks omitted). Under these circumstances, I **FIND** that the officer's reliance on the search warrant was objectively reasonable, and application of the exclusionary rule would not provide a deterrent benefit that would outweigh the substantial social costs of exclusion. *See Leon*, 468 U.S. at 923; *Herring*, 555 U.S. at 141; *Neal*, 577 F. App'x at 442-43. As a result, I **CONCLUDE** suppression of the evidence is not warranted and the motion to suppress should be **DENIED**.

### III. CONCLUSION

For the reasons stated above, I **RECOMMEND**[3] that Defendant's motion to suppress [Doc. 14] be **DENIED**.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[3] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 59(b)(2) of the Federal Rules of Criminal Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are "frivolous, conclusive or general." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (internal quotation marks and citation omitted). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).