UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 4:14-cr-24 |
| v. | ) | |
| | ) | Judge Mattice |
| TIMOTHY DEAN MARTIN | ) | Magistrate Judge Lee |

## ORDER

Defendant Timothy Dean Martin was indicted on October 28, 2014 for one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g). (Doc. 1). On February 13, 2015, Defendant filed a Motion to Suppress physical evidence obtained as a results of the search of his residence, arguing that the search warrant was not supported by probable cause. (Doc. 14). The Government opposed the Motion, arguing that probable cause existed and that, even if no probable cause was found, application of the good-faith exception was warranted to prevent suppression of the evidence obtained through the search. (Doc. 17).

On March 25, 2015, United States Magistrate Judge Susan K. Lee filed her Report and Recommendation (Doc. 19) pursuant to 28 U.S.C. § 636(b)(1). Magistrate Judge Lee recommended that Defendant's Motion to Suppress be denied. (*Id.*). Magistrate Judge Lee acknowledged that this was "a closer case than most with respect to the determination of probable cause." (*Id.* at 9). However, she ultimately concluded that the affidavit lacked sufficient indicia of reliability with respect to the informant – who the affidavit describes as Defendant's "live in girlfriend – and that, under the totality of the circumstances, the affidavit was insufficient to warrant a finding of probable cause. (*Id.* at 3-9). Nonetheless, Magistrate Judge Lee found that suppression was not warranted because Defendant failed to meet his burden of demonstrating that the good-

faith exception should not apply. (*Id.* at 9-12). Specifically, she noted that the officers relied upon "a search warrant issued by a neutral judge, which particularized the place to be searched and included the current live-in girlfriend's statements, both about seeing narcotics opined to methamphetamine "Ice" and about overhearing Defendant's phone conversation in which he used language associated with drug trafficking. (*Id.* at 11-12). Because she concluded that the affidavit contained sufficient information to render the officers' reliance upon it objectively reasonable, Magistrate Judge Lee concluded that suppression of the evidence was not warranted in this case. (*Id.*).

Defendant filed timely objections to the Report and Recommendation. (Doc. 26). Defendant primarily reiterates the arguments raised in his previous memorandum. He specifically argues that the basis for finding that the affidavit lacked probable cause – that is, the lack of proof of veracity of the informant – is also a basis for finding that the affidavit was lacking sufficient indicia of reliability so as to warrant application of the good-faith exception. (*Id.* at 3-4). He argues that the officer was reasonably well-trained and thus should have known the affidavit was insufficient. (*Id.* at 4-5). He finally argues that suppression is warranted here to further a deterrent effect on police, noting:

> Currently, the United States Attorney's Office [locally in the Chattanooga division] is threatening to refuse to move for the third level of acceptance of responsibility at sentencing when the defendant files pretrial motions such as a motion to suppress. If prosecutors are going to hold defendants who generally have a small amount of education to such a standard, then police officers who have a higher level of education and responsibility should be held to the standard of knowing the requirements of their job. Suppressing evidence in a case where the search warrant affidavit was deficient will requires officers to have the knowledge the properly make their cases.

(*Id.* at 5-6).

2

The Government has now responded to Defendant's objections. (Doc. 27). The Government objects to the conclusion that the search warrant was not supported by probable cause, but acknowledges, as did the magistrate judge, that this is a "close case" as to the probable cause determination. (*Id.* at 1-3). The Government notes its agreement with the Report and Recommendation to the extent that it found that suppression was not warranted based on the good-faith exception. (*Id.* at 3-7).

The Court must conduct a *de novo* review of those portions of the Report and Recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C). The Court may also receive further evidence or recommit the matter to the magistrate judge with instructions. *Id.*

The parties did not object to the basic facts as outlined in Magistrate Judge Lee's Report and Recommendation, but rather only to the findings and legal conclusions related to those facts. After reviewing the record as a whole, and finding the facts to be consistent with Magistrate Judge Lee's Report and Recommendation, the Court **ADOPTS BY REFERENCE** the facts as set out in the Report and Recommendation. (Doc. 35 at 2-9). *See, e.g.*, *United States v. Winters*, 782 F.3d 289, 295 n.1 (6th Cir. 2013).

The Court's *de novo* review of the portions of the R&R to which the parties specifically object results in the same conclusions reached by the magistrate judge, and the Court will thus overrule Defendant's objections. The Court agrees that the probable cause determination in this case is a close one. Nonetheless, Magistrate Judge Lee applied the proper legal standards and correctly concluded that, despite any deficiency in the supporting affidavit, suppression of the physical evidence was not warranted

3

because the affidavit was not so lacking as to render reliance upon it unreasonable. The Court notes that deterrence is not necessary in this case, given that the officers' relied reasonably and in good faith upon the search warrant and supporting information.[1] The Court finds no reason to elaborate on these decisions in light of the well-reasoned and thorough conclusions in the Report and Recommendation, which the Court will **ACCEPT** and **ADOPT BY REFERENCE** as its own. Accordingly, Defendant's Objections (Doc. 26) are **OVERRULED**; (2) Magistrate Judge Lee's Report and Recommendation (Doc. 19) is **ACCEPTED** and **ADOPTED**; and (3) Defendant's Motion to Suppress (Doc. 14) is **DENIED**.

**SO ORDERED** this 9th day of June, 2015.

　　　　　　　　　　　　　　　　　　　　　　*/s/ Harry S. Mattice, Jr.*
　　　　　　　　　　　　　　　　　　　　　　HARRY S. MATTICE, JR.
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[1] Even if deterrence were a consideration, however, the Court notes that the deterrent effect considered is deterrence on *police* misconduct, not deterrence on the prosecution. Defendant's arguments regarding any "threats" or inactions on the part of the United States Attorney's Office are not an appropriate consideration for the Court's assessment of whether suppression of the evidence is warranted. The Court could consider the relevance of such arguments (if they are relevant at all) at the sentencing stage.

4